890102/DRCreagh/DJRichards/jdn

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ISA CHICAGO WHOLESALE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 08 CV 3461 |
| v. | ) | |
| | ) | Judge Hibbler |
| SWISHER INTERNATIONAL, INC., | ) | |
| | ) | Magistrate Judge Schenkier |
| Defendant. | ) | |

### ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES Defendant, SWISHER INTERNATIONAL, INC., by and through its counsel, David R. Creagh and David J. Richards of Hinshaw & Culbertson LLP, and for its Answer and Affirmative Defenses to Plaintiff's Complaint for Damages, states as follows:

### PARTIES

1.      ISA is a corporation organized and existing under the laws of the State of Illinois. ISA's principal place of business is located at 579 Windy Point Drive, Glendale Heights, IL.

**ANSWER:**   Answering Paragraph 1 of Plaintiff's Complaint for Damages on file herein, Defendant states that it is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and, therefore, denies said allegations and demands strict proof thereof.

2.      Defendant Swisher is a Delaware Corporation with principal places of business in Darien, Connecticut and Jacksonville, Florida.

**ANSWER:**   Answering Paragraph 2 of Plaintiff's Complaint for Damages on file herein, Defendant states that the Defendant is a Delaware Corporation with offices located in Darien, Connecticut and Jacksonville, Florida.   Further answering, Defendant denies the remaining allegations contained in Paragraph 2 and each and every one of them.

## VENUE/JURISDICTION

3.     This Court has jurisdiction under 28 U.S.C. § 1332(a) in that it involves the citizens of different states and seeks to recover more than $75,000.00, exclusive of interest and costs.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Illinois.

**ANSWER:**     Answering Paragraph 3 of Plaintiff's Complaint for Damages on file herein, Defendant states that the allegations of Paragraph 3 are conclusions of law to which no response is required.  To the extent the allegations contained in Paragraph 3 are construed to require a response, Defendant denies said allegations and each and every one of them.

## BREACH OF CONTRACT

4.     ISA distributes tobacco and other tobacco-related products to wholesalers throughout the United States.

**ANSWER:**     Answering Paragraph 4 of Plaintiff's Complaint for Damages on file herein, Defendant states that it is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and, therefore, denies said allegations and demands strict proof thereof.

5.     Swisher manufactures and sells cigars and other tobacco-related products throughout the United States.

**ANSWER:**     Answering Paragraph 5 of Plaintiff's Complaint for Damages on file herein, Defendant states that it manufactures and sells cigars and other tobacco products.  Further

6350373v1 890102 68312

answering, Defendant denies the remaining allegations contained in Paragraph 5 and each and every one of them.

6.    ISA is a distributor of Swisher products in Illinois and other states throughout the Midwest.

**ANSWER:**    Answering Paragraph 6 of Plaintiff's Complaint for damages on file herein, Defendant states that it is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and, therefore, denies said allegations and demands strict proof thereof.

7.    ISA buys products directly from Swisher and distributes the Swisher products to wholesalers, who in turn resell the Swisher products to retailers or other sub-wholesalers.

**ANSWER:**    Answering Paragraph 7 of Plaintiff's Complaint for Damages on file herein, Defendant states Plaintiff buys products directly from Defendant.  Further answering, Defendant states, on information and belief, that plaintiff resells products purchased by Plaintiff from Defendant to other persons or entities.  Further answering, Defendant states that it is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 and, therefore, denies said allegations and demands strict proof thereof.

8.    In January 2007, Swisher gave a 10% discount off of the "Invoice Price" from Swisher for all of the products it ordered from Swisher.  ISA then passed along the majority of that discount to its wholesale clients, keeping approximately 1-2% of the discount as its net margin.

**ANSWER:**    Answering Paragraph 8 of Plaintiff's Complaint for Damages on file herein, Defendant states that it has from time to time provided specific and limited discounts to

6350373v1 890102 68312

Plaintiff in connection with products purchased from Defendant. Further answering, Defendant denies the remaining allegations contained in Paragraph 8 and each and every one of them.

9.    Since 2006, ISA has held a trade show for its wholesale clients. At this trade show, manufacturers, including Swisher, advertise and promote their products to ISA's wholesale clients throughout the Midwest.

**ANSWER:**    Answering Paragraph 9 of Plaintiff's Complaint for Damages on file herein, Defendant states that the allegations contained in Paragraph 9 are correct.

10.    In 2006 and 2007, Swisher agreed to extend an additional "trade show discount" to ISA for orders generated through the trade show. This trade show discount was in addition to the 10% discount normally received by ISA on Swisher products. The purpose of the trade show discount was to encourage customers to buy more Swisher products.

**ANSWER:**    Answering Paragraph 10 of Plaintiff's Complaint for Damages on file herein, Defendant states that it has from time to time provided specific and limited discounts to Plaintiff in connection with products purchased from Defendant. Further answering, Defendant denies the remaining allegations contained in Paragraph 10 and each and every one of them.

11.    In 2006 and 2007, ISA passed along the majority of the trade show discount to its wholesale clients as an incentive for them to purchase additional quantities of Swisher products from ISA.

**ANSWER:**    Answering Paragraph 11 of Plaintiff's Complaint for Damages on file herein, Defendant states that it is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and, therefore, denies said allegations and demands strict proof thereof.

4

12.    In 2006, Swisher issued credit memos to ISA for the entire amount of the trade show discount arising out of orders placed by ISA from the 2006 trade show.

**ANSWER:**    Answering Paragraph 12 of Plaintiff's Complaint for Damages on file herein, Defendant states that in 2006, it issued credit memos to Plaintiff consistent with promotional discounts provided to Plaintiff.

13.    In 2007, Swisher's Zone Manager, George Loomis, and its Regional Manager, Paul Domoras, were present at the 2007 ISA trade show.  Both Loomis and Domoras spoke with Swisher's Vice President of Central Sales, Donnie Shadburn, about again extending the trade show discount to ISA on sales arising out of ISA's 2007 trade show.

**ANSWER:**    Answering Paragraph 13 of Plaintiff's Complaint for Damages on file herein, Defendant states that George Loomis and Paul Domoras were present during an ISA trade show in 2007.  Further answering, Defendant states that George Loomis spoke to Donnie Shadburn on the subject of promotional arrangements.  Further answering, Defendant denies the remaining allegations contained in Paragraph 13 and each and every one of them.

14.    Swisher, through its various officers, including Loomis, Domoras and/or Shadburn, agreed to offer ISA a trade show discount on sales arising out of the 2007 trade show.

**ANSWER:**    Answering Paragraph 14 of Plaintiff's Complaint for Damages on file herein, Defendant states that it offered specific and limited discounts relating to sales arising out of ISA's 2007 trade show.  Further answering, Defendant denies the remaining allegations contained in Paragraph 14 and each and every one of them.

15.    As a result of this agreement to offer ISA the trade show discount in 2007, ISA took orders totaling approximately $6 million from its wholesale clients.  As a result, ISA offered a larger than usual discount to its wholesale clients.

6350373v1 890102 68312

**ANSWER:**    Answering Paragraph 15 of Plaintiff's Complaint for Damages on file herein, Defendant states that it is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, therefore, denies said allegations and demands strict proof thereof.

16.    Since the 2007 trade show, ISA has delivered the Swisher products ordered by its wholesale clients from the trade show at a price that included the trade show discount promised by Swisher.

**ANSWER:**    Answering Paragraph 16 of Plaintiff's Complaint for Damages on file herein, Defendant states that it is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, therefore, denies said allegations and demands strict proof thereof.

17.    Swisher initially issued two credit memos to ISA for a total of $68,868, covering only a portion of the trade show discount due to ISA from the trade show orders; however, since that time, Swisher has refused to issue any further credit memo to ISA, or to otherwise pay ISA, for the balance of the trade show discount.

**ANSWER:**    Answering Paragraph 17 of Plaintiff's Complaint for Damages on file herein, Defendant states that it provided Plaintiff with agreed-upon discounts based upon the information made known to Defendant.  Further answering, Defendant denies the remaining allegations contained in Paragraph 17 and each and every one of them.

18.    Swisher owes ISA the balance of $262,070 for the 2007 trade show discount.

**ANSWER:**    Answering Paragraph 18 of Plaintiff's Complaint for Damages on file herein, Defendant denies the allegations contained in Paragraph 18 and each and every one of them.

6350373v1 890102 68312

19.    As a result of Swisher's refusal to pay the balance of the 2007 trade show discount – which ISA had passed along to its wholesale clients – ISA was unable to purchase additional products from Swisher and other manufacturers in a quantity sufficient to meet its wholesale clients' demand, and as a result, ISA has lost sales over the last fourteen months in an amount of at least $7 million.  The loss of these sales has caused ISA to lose more than $300,000 in profits from these sales.

**ANSWER:**    Answering Paragraph 19 of Plaintiff's Complaint for Damages on file herein, Defendant denies the allegations contained in Paragraph 19 and each and every one of them.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by payment.

## SECOND AFFIRMATIVE DEFENSE

Defendant substantially performed all obligations under any applicable agreement, thereby barring Plaintiff's claims in whole or in part.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to perform all conditions and/or obligations required under any applicable agreement, thereby barring its recovery in whole or in part.

## FOURTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over this action, entitling Defendant to dismissal of all claims.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages, thereby barring its recovery in whole or in part.

6350373v1 890102 68312

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Statute of Frauds.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in party, by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

All or a portion of the damages sought by Plaintiff constitute special and/or extraordinary damages that do not flow directly from the alleged breach and are therefore, not recoverable.

## RESERVATION OF RIGHTS

Defendant alleges that it may have additional defenses or claims available to it of which it is not now aware.  Defendant reserves the right to assert additional defenses or cross-claims, counterclaims, or third-party claims as may be revealed to be appropriate through discovery, or otherwise in the course of this litigation.

## DEMAND FOR JURY TRIAL

Defendant demands trial by jury.

WHEREFORE, Defendant demands judgment against Plaintiff, dismissing all claims of the Complaint with prejudice, and awarding Defendant all relief to which it is entitled by law, including reimbursement of all costs incurred in defending this matter, and such other and further relief as this Court deems just and proper.

Dated this 12th day of August, 2008.

6350373v1 890102 68312

David R. Creagh, Esq. (ARDC No. 6191452)    Respectfully submitted,
David J. Richards, Esq. (ARDC No. 6230119)
**HINSHAW & CULBERTSON LLP**    **HINSHAW & CULBERTSON LLP**
222 North LaSalle Street
Suite 300
Chicago, IL  60601-1081
Phone: (312) 704-3000
Fax:    (312) 704-3001    By:    s/David R. Creagh
                                          One Of The Attorneys For Defendant,
                                          SWISHER INTERNATIONAL, INC.

6350373v1 890102 68312

## PROOF OF SERVICE

I, the undersigned, a non-attorney on oath, certify that I filed and served the above and foregoing Answer, via electronic delivery pursuant to the Court's electronic filing and service system, addressed to the persons referenced below, on the 12th day of August, 2008:

*Counsel for Plaintiff*
Jay L. Kanzler, Esq.
Witzel & Kanzler LLC
2001 South Big Bend Boulevard
St. Louis, Missouri  63117
Phone: (314) 645-5367
Fax:    (314) 645-5687
jaykanzler@wkllc.com

[x]Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, I certify that the statements set forth herein are true and correct.

s/Joseph D. Niemeier

10

6350373v1 890102 68312