

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ISA CHICAGO WHOLESALE, INC., ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> SWISHER INTERNATIONAL, INC., ) <br> ) <br> Defendant. ) <br> ) | No. 08 C 3461 <br><br> The Honorable William J. Hibbler |

## MEMORANDUM OPINION AND ORDER

ISA Chicago Wholesale alleges that Swisher International breached an agreement between the parties to provide a discount on Swisher products that ISA sold at trade shows in 2007. Swisher asks the Court to dismiss ISA's claims pursuant to Rule 12(b)(3) or, in the alternative, to transfer them pursuant to 28 U.S.C. § 1406(a).

Before the Court proceeds to the merits of the motion, a final comment on jurisdiction is in order. Swisher has amended its answer, pursuant to the Court's order, and now admits that its principal place of business is in Florida. Swisher also has withdrawn an affirmative defense asserting the absence of subject matter jurisdiction. The Court is confident that the parties are of diverse citizenship and that jurisdiction is proper under 28 U.S.C. § 1332. There remain, however, unanswered questions: 1) why did Swisher in its initial answer deny "*each and every*" allegation in Paragraph 2 of ISA's Complaint, in which ISA alleged that Swisher had a principal place of business in Florida?; 2) why did Swisher suggest that the Court lacked subject matter jurisdiction? Rule 11 requires that denials of factual contentions be warranted on the evidence or reasonably based on belief or a lack of information. It also requires counsel to refrain from making arguments that have no basis in existing law (unless,

1

of course, counsel is arguing for an extension or modification of the law). Certainly, Swisher knew where its principal place of business was, and it was improper for counsel to deny that Swisher's principal place of business was in Florida merely because ISA pleaded that Swisher had two principal places of business. Moreover, even if Swisher based its denial of Paragraph 2 of ISA's Complaint on an overly literal interpretation of the conjunctive 'and,' it must have known that its assertion that the Court lacked subject matter jurisdiction was not one that was warranted by existing law. Swisher's frivolous denial expended valuable Court resources, forcing the Court to review the parties pleadings and issue an Order to clarify the question of subject matter jurisdiction. Not only did Swisher's actions delay adjudication of the merits of this motion, but they also delayed the adjudication of other motions pending before the Court while the Court addressed the jurisdictional issue. The Court suggests that counsel for Swisher, a well-known Chicago law firm, be less cavalier in its pleadings in the future. With that reminder in place, the Court proceeds to the merits of the motion.

Swisher manufactures and sells cigars and other tobacco-related products. ISA distributes Swisher's products to wholesalers, who in turn sell the products to retailers or sub-wholesalers. In 2007, Swisher provided ISA with a 10% discount from the invoice price for all products that it ordered, the bulk of which ISA passed on to its clients and the remainder of which it kept as its profit.

ISA also holds trade shows for its clients, where manufacturers such as Swisher advertise and promote their products. ISA alleges that Swisher agreed to provide an additional discount for all products that ISA sold at its trade shows. Although the Complaint is not entirely clear, it appears that ISA paid Swisher in full for the products ordered at the trade shows and that Swisher later issued "credit memos" reflecting the discounted price and returning a portion of the payment to ISA. According to ISA, Swisher issued these "credit memos" pursuant to the agreed upon discount for a

time, but later backed out of its promise and has refused to issue ISA the remainder of the credit ISA believes it is owed ($262,070).

Swisher moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(3), arguing that a forum-selection clause between the parties renders this venue improper. In support, Swisher points to three Customer Credit Applications from ISA, dated in February 2005, July 2005, and January 2006. The Customer Credit Applications each contain an identical clause that reads, in its entirety: Any contractual disagreement between Swisher and Applicant shall be governed by the laws of the State of Florida and any legal disputes arising out of this Agreement shall be resolved in Jacksonville, Florida. In addition, the Customer Credit Applications contain a passage stating: Applicant understands that all purchases of products from Swisher are subject to all terms and conditions contained in this Customer Credit Application and all other terms and conditions contained in any Swisher invoices.

ISA first argues that Swisher has waived its right to invoke the forum-selection clause. A defendant who delays in filing an objection to the venue — allowing, by words or action, a plaintiff to believe he is content with the venue — waives the objection to a plaintiff's chosen forum. *Id.* at 887-88. Specifically, Rule 12(h)(1) of the rules of civil procedure requires a party to raise the defense of an improper venue either in a motion made prior to defendant's first responsive pleading or in a responsive pleading (or an amended pleading a party can make without the Court's permission). Fed. R. Civ. P. 12(h)(1); Fed. R. Civ. P. 12(b). Accordingly, there is no reason to allow a defendant to test the prevailing winds prior to bringing a motion under Rule 12(b)(3) because a defendant does not need to engage in discovery to know whether the forum chosen by the plaintiff is correct or convenient. *See Am. Patriot Ins. Agency v. Mutual Risk Mgt, Ltd.*, 364 F.3d 884, 887 (7th Cir. 2004).

Swisher answered the Complaint four months prior to filing the motion and thus, ISA argues, its motion is untimely. ISA suggests that Swisher never raised the defense of improper venue because Swisher did not plead its objection to venue as an affirmative defense and only made a "general denial" that venue was improper based on an assertion that ISA's allegation was a conclusion of law. ISA's description of Swisher's Answer, however, is not complete. Swisher did answer that ISA's allegation regarding venue was a conclusion of law, but it went on to answer that it "denies said allegations and each and every one of them." Swisher argues that its blanket denial is sufficient to preserve its objection to venue. ISA points to nothing to suggest that a defendant must raise an objection to venue as an affirmative defense and cannot preserve its objection simply by denying the complaint's factual allegations concerning venue.

The Court's research uncovered no cases in this circuit addressing the form that a defendant's objection to venue must take. At least one case mentions an objection to venue that can be found in the body of defendant's answer, but in that case the defendant also later raised the objection as an affirmative defense. See *Johnson v. Masselli*, No. 2: 07 CV 214, 2008 WL 111057, *3 (N.D. Ind. Jan. 4, 2008); *see also Roberts v. Owens-Corning Fiberglass Corp.*, 101 F. Supp. 2d 1076, 1080-81 (S.D. Ind. 1999) (discussing objection to personal jurisdiction raised in body of answer and as an affirmative defense); *Rochlin v. Cincinnati Ins. Co.*, No. IP001898C H/K, 2005 WL 1025776, *2 (S.D. Ind. Apr. 7, 2005) (noting that defendant admits that venue is proper in paragraph 11 of its answer). Nothing in these decisions, however, suggests that an objection of venue must be raised as an affirmative defense in order to be preserved.

As noted earlier, one purpose behind requiring a defendant to raise an objection to venue early in the litigation is to prevent the defendant from testing the waters prior to making a decision to seek

a change in scenery. *Am. Patriot Ins. Agency*, 364 F.3d at 888. An early objection to venue also preserves both judicial and litigant resources. *Id.* (observing also that settlement discussions do not necessarily preclude a 12(b)(3) motion because "considerations of economy argue against the filing of any motion while the parties" discuss settlement). In this case, none of the concerns are present. Prior to the time that Swisher filed its motion, the Court devoted no resources to the case, other than to issue a minute order adopting the parties' discovery schedule. Nor would it be reasonable to infer that Swisher tested the waters in this forum prior to filing its motion. Finally, ISA has not suffered any inconvenience by the delay in filing the motion; the Court's docket reveals that the Court held but one status hearing in the period between the filing of Swisher's Answer and Motion.

Swisher did not undertake any action in this Court that would have led ISA to believe that it consented to venue residing here. Although it offered but a blanket denial of ISA's allegations supporting venue in this District, Swisher put ISA on notice that it had an objection to the venue of this forum. The Court holds that Swisher did not waive its objection to venue. Thus, the Court turns to the question of whether the agreement between the parties contains a mandatory forum-selection clause.

ISA offers two reasons why the Court should deny Swisher's motion. First, ISA argues that the clause in the Customer Credit Application is not a mandatory forum-selection clause. Second, ISA argues that even if the clause in the Customer Credit Application is a mandatory forum-selection clause it does not apply to the dispute at issue. Neither argument has merit.

ISA suggests that the clause in the Customer Credit Application is not mandatory. This argument strains all reason and logic. ISA argues, without explanation, that the clause "more closely resembles those clauses that this and other courts have found to be permissive." The clause at issue reads that "any legal disputes arising out of this Agreement shall be resolved in Jacksonville, Florida."

The clause uses "shall," which courts routinely interpret as mandatory language. *See Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 762 (7th Cir. 2006) (coupling "shall be filed" with "all disputes" makes venue compulsory and exclusive); *Paper Express Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 756 (7th Cir. 1992) (describing "shall be filed" as obligatory language); *see also In re Airadigm Comm., Inc.*, 519 F.3d 640, 656 (7th Cir. 2008) (discussing difference between mandatory "shall" and definitional "does"); *Thompson v. Veach*, 501 F.3d 832, 836 (7th Cir. 2007) (identifying "shall" as mandatory language). Consistent with courts' interpretation of "shall," Black's Law Dictionary defines "shall" as "has a duty to, more broadly is required to" and notes further "this is the mandatory sense that drafters typically intend and that courts typically uphold." *Black's Law Dictionary*, 1407 (8th ed. 2004). ISA offers no explanation for its argument that the clause is permissive, and the Court rejects ISA's attempt to back out of the parties' agreement to resolve disputes in a particular forum.

ISA's final attempt to wriggle free from the forum-selection clause is similarly unconvincing. It argues that the disagreement between the parties involves a broken promise made during the 2007 Trade Shows, and that the forum-selection clause in the Customer Credit Application therefore does not apply. ISA neglects to discuss a second clause in the Customer Credit Application that provides that "all purchases of products from Swisher are subject to the terms and conditions" of that agreement. The plain language of this clause makes clear that ISA's purchases are covered by the Customer Credit Applications and are subject to the forum-selection clause therein.

The Court finds that the agreement between the parties contains a mandatory forum-selection clause and therefore venue in this district is not proper. Swisher argues that because ISA willfully brought this action in an improper venue, the Court should dismiss the action, rather than transfer it to

6

the Middle District of Florida. In cases where venue is improper, courts shall dismiss cases brought in an improper forum or, if it is in the interests of justice, transfer a case to any district or division where the case could have been brought. 28 U.S.C. § 1406(a). Generally, where "there is nothing obscure" about the proper forum, it is not in the interests of justice to transfer a case where a party chooses to bring the litigation in an improper forum. *Continental Ins. Co. v. M/V Orsula*, 354 F.3d 603, 608 (7th Cir. 2003); *Carpenter-Lenski v. Ramsey*, No. 99-3367, 2000 WL 287651, * 1 (7th Cir. Mar. 14, 2000). Here, the agreement of the parties made clear the proper forum, and ISA chose to ignore the terms that the parties bargained-for. Pursuant to Rule 12(b)(3), the Court dismisses this case without prejudice.

IT IS SO ORDERED.

4/7/09
Dated

Hon. William J. Hibbler
United States District Court